**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 9, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 13-1016

| | |
|---|---|
| KIMBERLY SUTHERLAND, | Appeal from the United States District |
|    *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|    *v.* | |
| | No. 11 C 4663 |
| MICHELE M. LEONART, Administrator, | |
| United States Drug Enforcement | Robert M. Dow, Jr., |
| Administration, *et al.*, | *Judge*. |
|    *Defendants-Appellee*s. | |

**O R D E R**

Kimberly Sutherland, a retired attorney, appeals the dismissal of her petition for mandamus, *see* 28 U.S.C. § 1361, seeking to compel federal and state officials to investigate and prosecute "systemic health care fraud"–including fraudulent billing practices and

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

opiate diversion–following a visit she made to the emergency room of a local hospital for a foot injury. We affirm.

Sutherland's petition arises out of her emergency room visit to Northwestern Memorial Hospital that resulted in what she describes as fraudulent billing and falsification of patient records. She brought this action against DEA Administrator Michele Leonhart, F.B.I. Director Robert Mueller III, U.S. Attorney General Eric Holder, Illinois Attorney General Lisa Madigan, and Illinois Governor Patrick Quinn. She alleged that state and federal agencies under the defendants' control failed to properly investigate her complaints, and sought a writ of mandamus compelling them to remedy the problem. She also alleged that the Illinois defendants aided and abetted violations of federal law by failing to enforce Illinois statutes, *see* 210 ILCS 88/5(b)(4)–(5); 410 ILCS 50/3(b), and she sought a writ of mandamus compelling these defendants to remedy that problem as well.

The district court dismissed the petition. The court concluded that (1) Sutherland could not meet the exacting standards for mandamus because she could not identify any legal duty that the federal defendants were required to perform, and (2) the Eleventh Amendment barred her claims against the state defendants. The court then denied Sutherland's motion to reconsider, adding that her proposal to amend her complaint to allege federal-question jurisdiction would be futile.

On appeal, Sutherland maintains that she had a right to compel the federal defendants to enforce the federal laws and regulations she says were violated. *See* 18 U.S.C. § 1347(a); 21 U.S.C. §§ 801–971; 21 C.F.R. § 1306.4; 21 C.F.R. § 1306.07(c); 21 C.F.R. § 1306.11(d)(1). As the district court explained, however, Sutherland has not identified any nondiscretionary duty that the federal defendants were required to perform. *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *Ahmed v. Dep't of Homeland Sec.*, 328 F.3d 383, 387 (7th Cir. 2003). Absent legal constraints on an agency's discretion, mandamus relief is an inappropriate remedy to compel an agency to investigate or prosecute violations of the substantive laws it enforces. *See Wayte v. United States*, 470 U.S. 598, 607–08 (1985); *Heckler v. Chaney*, 470 U.S. 821, 831, 832–33 (1985); *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1013–14 (7th Cir. 1991).

Sutherland next argues that her claims against the state defendants fall within the exception to Eleventh Amendment immunity set forth in *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). That exception allows state officials to be sued for injunctive relief for violations of federal law. *See Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011); *Council 31 of the Am. Fed'n of State, Cnty., and Mun. Emps.*, *AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). But as the district court correctly determined, the gravamen of Sutherland's claim is that the state defendants failed to carry out their duties under Illinois

law by not enforcing *Illinois* statutes (she labeled her claims against the state officials "Pendant Count under Illinois Law") and she seeks an order requiring them to do so–a request that is not cognizable in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). And although she does allege that state officials assisted violations of federal healthcare law, *see* 18 U.S.C. § 1347; 21 U.S.C. §§ 801–971, those allegations are based only on the officials's purported failure to perform duties under Illinois law.

Finally Sutherland maintains that the district court should have granted her leave to amend her complaint to clarify that she alleged that the state defendants violated federal law. But we agree with the district court that amendment would be futile because, as with the federal defendants, Sutherland has not identified a nondiscretionary duty for the state defendants to enforce the laws she seeks enforced.

We have considered Sutherland's other arguments, and none merits further discussion. The judgment of the district court is AFFIRMED.